UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAVEL STARODOUBTSEV and NATALIA VINOKHODOVA,

Plaintiffs,

v.

MICHAEL MUKASEY[1], *et al.*,

Defendants.

CASE NO. C07-0616RSM

ORDER DEFERRING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on plaintiff Natalia Vinokhodova's Motion for Summary Judgment and defendants' Cross-Motion for Summary Judgment. (Dkts. #6 and #14). Plaintiff seeks an order that defendants complete the security clearance on her I-485 application with the United States Citizenship and Immigration Services and ultimately adjudicate her I-485 application which she alleges is more than three years overdue.[2] Defendants did not timely respond to plaintiff's motion. However, defendants have argued in their cross-motion that compelling adjudication of plaintiff's application would not be justified

---

[1] This Court shall substitute Alberto R. Gonzales with newly appointed Attorney General Michael Mukasey pursuant to Fed. R. Civ. P. 25(d).

[2] Plaintiff Pavel Starodoubtsev's I-485 application was approved on July 24, 2007, after the filing of the underlying lawsuit. Accordingly, a decision regarding his application is no longer necessary.

MEMORANDUM ORDER
PAGE - 1

because the processing of plaintiff's application has not been unreasonably delayed.

For the reasons set forth below, the Court DEFERS plaintiff's Motion for Summary Judgment and DENIES defendants' Cross-Motion for Summary Judgment.

## II. DISCUSSION

### A. Background Facts

Plaintiff Natalia Vinokhodova, spouse of Pavel Starodoubtsev, is a native and citizen of Russia and has resided in the United States since 2000. Plaintiff originally entered the United States under an H-1B non-immigrant worker's visa as a derivative beneficiary of her spouse. She subsequently filed an application to extend or change her non-immigrant status once this visa expired, and the United States Citizenship and Immigration Services ("USCIS") granted her an H-4 dependent visa that was valid until July 31, 2004. Plaintiff then filed an I-485 Application to Register Permanent Residence or Adjust Status ("I-485") with USCIS on October 8, 2004. However, USCIS has yet to adjudicate plaintiff's application because her name check remains pending at the Federal Bureau of Investigation ("FBI").[3]

As a result, plaintiff initiated the underlying mandamus action in this Court against the defendants on April 24, 2007. Plaintiff seeks a declaratory judgment that she is eligible for adjustment of status to a lawful resident pursuant to 8 U.S.C. §§ 1153(b)(2) and 1255(a), without regard to defendants' inability to complete background checks. Plaintiff further seeks an order requiring defendant to complete plaintiff's background check, and an order requiring defendants to adjudicate plaintiff's I-485 application. Plaintiff now brings the instant motion for summary judgment, reincorporating the arguments made in her complaint and moving the Court to issue a writ of mandamus under 28 U.S.C. § 1361 to compel defendants to complete plaintiff's background checks and fully adjudicate plaintiff's I-485 application. Plaintiff's

---

[3] Notwithstanding USCIS's failure to determine plaintiff's status, plaintiff does currently hold an Employment Authorization Document that allows her to work in the United States that is valid until June 6, 2008. Plaintiff also holds an advance parole travel document valid through June 11, 2008 which allows her to re-enter the United States after traveling overseas.

MEMORANDUM ORDER
PAGE - 2

1  motion for summary judgment was noted for October 5, 2007.

2  Defendants subsequently filed a motion to stay plaintiff's motion for summary
3  judgment pursuant to Fed. R. Civ. P. 56(f) on September 27, 2007. Defendants argued that
4  only the FBI had the facts necessary to oppose plaintiff's motion, and that the FBI was in the
5  process of providing the necessary information to counsel for defendants. Before this Court
6  could rule on defendants' motion to stay, defendants withdrew their motion on October 12,
7  2007, and concurrently filed an opposition to plaintiff's summary judgment motion and a
8  cross-motion for summary judgment.

9  **B. Defendants' Opposition to Plaintiff's Motion for Summary Judgment**

10  Pursuant to Local Rule CR 7(b)(2), a party opposing a motion "shall, within the time
11  prescribed in CR 7(d), file with the clerk, and serve on each party that has appeared in the
12  action, a brief in opposition to the motion[.] . . . If a party fails to file papers in opposition to a
13  motion, such failure may be considered by the court as an admission that the motion has
14  merit." Furthermore, Local Rule CR 7(d)(3) states that "[a]ny opposition papers shall be filed
15  and served not later than the Monday before the noting date." In the instant case, plaintiff
16  properly noted her motion for summary judgment on October 5, 2007. Defendants did not file
17  their opposition papers until October 12, 2007, well after the October 1, deadline imposed by
18  Local Rule CR 7(d)(3). While defendants moved to stay plaintiff's motion for summary
19  judgment pursuant to Fed. R. Civ. P. 56(f) on September 27, 2007, defendants withdrew their
20  motion before the Court could rule on defendants' motion to stay. Accordingly, defendants
21  did not comply with their obligations under the Local Rules and their failure to respond will be
22  deemed by this Court as an admission that plaintiff's motion has merit. Nevertheless,
23  defendants are not prejudiced by their failure to follow the Local Rules because the Court
24  considered the substantive arguments raised in their cross-motion.

25  **C. Summary Judgment Standard**

26  Summary judgment is appropriate where "the pleadings, depositions, answers to
27  interrogatories, and admissions on file, together with the affidavits, if any, show that there is

28

MEMORANDUM ORDER
PAGE - 3

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *Id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc*., 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Additionally, mandamus actions may be resolved through summary judgment. *See, e.g., Singh v. Still*, 470 F. Supp. 2d 1064, 1072 (N.D. Cal. 2006) (ruling in favor of plaintiff's motion for summary judgment to compel the government to adjudicate plaintiff's application with USCIS).

**D. Plaintiff's Mandamus Action**

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361. In order to obtain relief under the Mandamus Act, a plaintiff must establish that: (1) her claim is "clear and certain"; (2) the duty owed is "ministerial and so plainly prescribed as to be free from

doubt"; and (3) that no other adequate remedy is available. *See Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997); *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). While defendants have recently presented arguments that federal courts lack jurisdiction to consider claims involving adjustment of status applications, this District Court has established that jurisdiction is proper when a plaintiff seeks to compel adjudication of an I-485 application.[4] *See Sun v. Mueller*, 2007 WL 2751372 (W.D. Wash. Sept. 19, 2007); *Guoping Ma v. Gonzales*, 2007 WL 2743395 (W.D. Wash. Sept. 17, 2007); *Chen v. Chertoff*, 2007 WL 2570243 (W.D. Wash. Aug. 30, 2007); *Chen v. Heinauer*, 2007 WL 1468789 (W.D. Wash. May 18, 2007); *Huang v. Gonzales*, 2007 WL 1302555 (W.D. Wash. May 2, 2007).[5]

Furthermore, plaintiff has based her mandamus action on Sections 555(b) and 706(1) of the Administrative Procedures Act ("APA"). These sections require plaintiff to demonstrate that USCIS unreasonably delayed the processing of plaintiff's application. *See* 5 U.S.C. § 555(b) (establishing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *see also* 5 U.S.C. § 706(1) (providing that courts shall "compel agency action unlawfully withheld or unreasonably delayed"); *see also Yu v. Brown*, 36 F. Supp. 2d 922, 928 (D.N.M. 1999) (applying the same standards to assess the merits of claims of unreasonable agency delay that seek either mandamus or a mandatory injunction under the APA, or both). Thus, the critical question before the Court is whether there has been an unreasonable delay by USCIS in processing plaintiff's I-485 application.

Section 706 of the APA "leaves in the courts the discretion to decide whether agency

---

[4] Defendants acknowledge this District Court's findings, indicating that they "will address the merits of [plaintiff's] mandamus claim without belaboring the jurisdictional arguments." (Dkt. #14 at 3).

[5] The Court finds that the orders in *Chen v. Chertoff* (Dkt. #20) before the Honorable Thomas S. Zilly, and *Sun v. Mueller* (Dkt. #16) and *Guoping Ma v. Gonzales* (Dkt. #19) before the Honorable Robert S. Lasnik are particularly relevant to the instant case. Both judges analyzed similar legal arguments as those raised by plaintiff and defendants in this case, and in the interest of judicial economy, this Court incorporates a substantial part of these well-reasoned opinions in this Order.

MEMORANDUM ORDER
PAGE - 5

delay is unreasonable". *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999) The Ninth Circuit has adopted a six-factor test for determining when an agency delay is unreasonable under the 5 U.S.C. § 706(1):

> (1) the time agencies take to make decisions must be governed by a "rule of reason";
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001) (quoting *Telecomms. Research & Action v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (six factors referred to as the *"TRAC* factors")).

The first *TRAC* factor requires an agency to govern decision-making with a "rule of reason." Defendants argue that USCIS, in conjunction with the FBI, is acting in accordance with the "rule of reason" because the FBI is in the process of conducting several forms of security and background checks to ensure that plaintiff is admissible and does not pose a threat to national security. (Dkt. #14 at 5). To support their argument, defendants indicate that the proper FBI name check protocol has four stages: batch processing, name searching, file review, and dissemination. *Id.* at 6. Defendants indicate that the FBI generally conducts such name checks on a "first-in, first-served" protocol, and that plaintiff's application is being processed in accordance with this established procedure. *Id* at 6-7. Plaintiff suggests that such name checks are not required to adjudicate an I-485 application. Therefore plaintiff argues that defendants did not follow the "rule of reason."

The second *TRAC* factor requires deference to a statutory or regulatory timetable.

MEMORANDUM ORDER
PAGE - 6

1   Defendants argue that there is neither a statutory nor regulatory timetable in place for the FBI
2   name check or USCIS's adjudication of an I-485 adjustment of status application.  In the
3   absence of such guidelines, defendants argue that the Court should consider the factors that
4   contribute to the backlogs faced by the FBI and USCIS.  Several courts facing the same issue
5   have concluded that "[a]lthough Congress has not established a mandatory time frame for the
6   USCIS to complete the adjudication, Congress sets a normative expectation in 'The
7   Immigration Services and Infrastructure Improvements Act of 2000' of a reasonable
8   processing time for an immigrant benefit application as no more than 180 days after initial
9   application." *Konchitsky v. Chertoff*, 2007 WL 2070325 at *4 (N.D. Cal. July 13, 2007)
10  (citing 8 U.S.C. § 1571); *see also Abbasfar v. Chertoff*, 2007 2409538 at *3 (N.D. Cal. Aug.
11  21, 2007) (holding that "8 U.S.C. § 1571 provides a meaningful standard for the pace of
12  adjudication of adjustment of status applications").  This District Court has found that this
13  authority is persuasive and this Court shall follow suit.
14          The third *TRAC* factor provides that delays are less tolerable when human health and
15  welfare are at stake, as opposed to economic regulation.  *See Singh*, 470 F. Supp. 2d at 1069
16  (finding human health and welfare to be at stake in cases involving the delay of I-485
17  applications to adjust status).  Defendants suggest that this factor overlaps with the fifth
18  *TRAC* factor which indicates that courts should take into account the nature and extent of the
19  interests prejudiced by the delay.  Defendants characterize the prejudice to plaintiff as a mere
20  inconvenience, and point out that plaintiff can enjoy continuing lawful non-immigrant status
21  because she holds an Employment Authorization Document that is valid through June 6, 2008,
22  and an advance parole travel document that allows her to travel freely through June 11, 2008.
23  Defendants further emphasize that the governmental interest of national security, especially in
24  the post-9/11 era, substantially outweighs the minimal prejudice suffered by plaintiff.  Plaintiff
25  argues that defendants' name check process may explain why such checks are necessary, but
26  does nothing to resolve the unreasonable delay of plaintiff's specific application.
27          The fourth *TRAC* factor requires the Court to consider the effect of expediting delayed
28

MEMORANDUM ORDER
PAGE - 7

1  action on agency activities of a higher or competing priority.  Defendants warn this Court that
2  compelling plaintiff's application would result in several negative repercussions.  For example,
3  defendants indicate that it would unfairly favor applicants with the means to hire an attorney
4  and file federal actions, open the floodgates for immigration-related actions, and impinge upon
5  agency activities and responsibilities of a higher priority. (Dkt. #14 at 12).  Plaintiffs argue
6  that defendants have failed to demonstrate that every other name check junior to plaintiff's is
7  still pending as plaintiffs point out.  In addition, plaintiffs indicate that defendants have not
8  offered any compelling evidence that a higher or competing priority exists, once again stating
9  only that national security concerns can sometimes cause delays.

10  The sixth *TRAC* factor notes that the Court need not find any impropriety on the
11  agency's part in order to hold that agency action is unreasonably delayed.  Defendants argue
12  that conversely, the good faith of an agency in addressing a delay weighs against mandamus.
13  Further, defendants argue that they have followed properly established procedures in
14  adjudicating plaintiff's application.  Plaintiff responds that she is not required to show that
15  defendants acted in bad faith.  Nevertheless, plaintiff indicates that the Court is capable of
16  finding that defendants have acted in bad faith because her name check has been in its last
17  stage since February 1, 2005.

18  Overall, defendants have failed to put forth any facts specific to plaintiff's name check.
19  "What constitutes an unreasonable delay in the context of immigration applications depends to
20  great extent on the facts of the particular case." *Gelfer v. Chertoff*, 2007 WL 902382 at *2
21  (N.D. Cal. Mar. 22, 2007) (citation omitted).  Courts within the Ninth Circuit in similar cases
22  have ruled against the Government where USCIS has simply pointed to the FBI's failure to
23  complete the name check, and where there were no reasons why the application was
24  particularly troublesome.  *Id.* (holding that more than a two-year delay was not reasonable as
25  a matter of law); *see also Konchitsky*, 2007 WL 2070325 at *6 ("without a particularized
26  explanation for the delay . . . the more than two year delay of plaintiff's application [is]
27  unreasonable as a matter of law"); *Mazcouchi v. Still*, 2007 WL 2070324 at *5 (N.D. Cal.
28

MEMORANDUM ORDER
PAGE - 8

July 13, 2007) (finding that a four-year delay was unreasonable as a matter of law); *Liu v. Chertoff*, 2007 WL 2023548 at *4 (E.D. Cal. July 11, 2007) (noting that two-and-a-half-year delay was not reasonable as a matter of law in the absence of "a more particular explanation by Defendants as to the cause of the delay," despite evidence of a large volume of applications received and the extensive background checks required to process them); *Qui v. Chertoff*, 2007 WL 1831130 at *3 (N.D. Cal. June 25, 2007) (finding that "asserting that [USCIS] is awaiting the results of an FBI name check does not explain why [plaintiff's] application has been stagnant for the past [three] years"); *Huang*, 2007 WL 1831105 at *2 (despite national security concerns and increased security checks since 9/11, a more than two-and-a-half-year delay is unreasonable as a matter of law if there is no particularized explanation as to the cause of the delay).

A Court out of the Northern District of California granted summary judgment in favor of plaintiff, and ordered USCIS to complete the adjudication of the I-485 application, where USCIS failed to provide specific reasons for the delay. *See Singh*, 470 F. Supp. 2d at 1065, 1072 (noting the lack of specifics about the "issues requiring further inquiry" in declarations submitted by the USCIS, and, alternatively, USCIS's failure to provide information via in camera review). In *Singh*, the Court stated that although "national security must be considered a competing priority of the highest order[,] . . . the mere invocation of national security is not enough to render an agency delay reasonable per se." *Id.* at 1069.[6]

Here, defendants have not offered particularized reasons or evidence to indicate why plaintiff's application remains pending more than three years after it was originally submitted to USCIS. Defendants only point to general policies and procedures within the FBI and USCIS to indicate that plaintiff's application will be adjudicated according to standard

---

[6] It is noteworthy, however, that at the time summary judgment was granted in favor of Mr. Singh, his FBI name check had been expedited as a result of the litigation and had been cleared. Other distinguishable aspects of the *Singh* case are that: (1) Mr. Singh had waited seven years for adjudication; (2) USCIS was partially to blame for the delay because USCIS had taken two-and-a-half years to initiate the name check with the FBI; and (3) Mr. Singh's application to adjust status was based in part on a grant of asylum, which meant that the Government had an opportunity to raise national security concerns before an immigration law judge in the asylum proceedings. *See Singh*, 470 F. Supp. 2d at 1068-1070.

MEMORANDUM ORDER
PAGE - 9

protocol. For example, Michael Cannon ("Cannon"), Section Chief of the National Name Check Program Section of the FBI, states, "[t]he name check request of plaintiff Natalia Vinokhodova is pending in the normal course of processing in accord with the first-in, first-served protocol[.]" (Dkt. #16, Cannon Decl. ¶ 41). Cannon further states that plaintiff's application was sent to the final stage of the review process on February 1, 2005, and that "this phase also may involve locating paper files from FBI field offices that were not retrieved during the initial file review, and/or requesting pertinent information from FBI field offices." *Id.* Additionally, Ruth Stearns ("Stearns"), Acting Service Center Director of a USCIS center in Lincoln, Nebraska, indicates that USCIS is "processing Ms. Vinokhodova's adjustment of status application in accordance with standard procedure." (Dkt. #15, Stearns Decl. ¶ 25). Cannon also states that the sheer volume of name checks in response to 9/11 has contributed to delays in the FBI name check system. Cannon Decl. at ¶ 26. Stearns likewise states, "[s]ince 9/11, USCIS has submitted millions of name check requests to the FBI, thus taxing that agency's resources and creating a backlog in FBI's performance of complete security checks." Stearns Decl. at ¶ 17.

However, general references to the procedure by which USCIS works in conjunction with the FBI do nothing to reconcile the significant discrepancy *as applied* to plaintiff's application. Defendants cannot satisfactorily explain to the Court why plaintiff's application has remained in the final stage for nearly thirty-two months. Defendants do not offer evidence of any employee who has reviewed plaintiff's application in this last stage, nor do they offer any dates of when plaintiff's application has been reviewed since February 1, 2005. Defendants may not hide behind the guise of governmental deference or national security each time its policies or procedures are questioned without a specific and compelling justification otherwise. Therefore the Court requires defendants to come forth with particularized information regarding plaintiff's application and will defer ruling on plaintiff's summary judgment motion.

### III. CONCLUSION

Having reviewed plaintiff's motion, the exhibits and declarations attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion for Summary Judgment (Dkt. #6) is DEFERRED.

(2) Defendants' Cross-Motion for Summary Judgment (Dkt. #14) is DENIED.

(3) Defendants are ORDERED to provide the Court with particularized information that explains the more than three-year delay as to plaintiff Natalia Vinokhodova's I-485 application no later than December 31, 2007. Defendants shall submit this information either through declarations or in camera review. Any brief filed in connection with the new information shall not exceed six pages. No response to the supplemental briefing shall be filed by plaintiff unless requested by the Court.

(4) The Clerk is directed to note defendants' supplemental memorandum on the Court's docket for consideration on December 31, 2007. Defendants are on notice that the Court may *sua sponte* grant summary judgment in favor of plaintiff if defendants fail to provide the particularized information.

(5) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this __19__ day of November, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE